1

2

3

4

5

6                              **UNITED STATES DISTRICT COURT**

7                                   **DISTRICT OF ARIZONA**

8   United States,                          )
                                            )            No. CR 10-107-TUC-FRZ (JM)
9                          Plaintiff,        )
                                            )
10  v.                                       )        **REPORT AND**
                                            )        **RECOMMENDATION**
11  Ruben Gonzales,                          )
                                            )
12                                           )
                          Defendant.         )
13  _____ )

14          On April 8, 2010, Defendant Ruben Gonzales filed a Motion to Dismiss [Docket No.

15  36], the government filed a response [Docket No. 30], Defendant then filed a reply [Docket

16  No. 31] and an addendum to the reply [Docket No. 33].  The motion was referred to

17  Magistrate Judge Jacqueline Marshall for hearing and report and recommendation.

18  Defendant's motion was heard by Magistrate Judge Marshall on April 26, 2010.  Having

19  considered the motion and the arguments of counsel, the Magistrate Judge submits the

20  following Report and Recommendation, and recommends that the District Judge, after

21  independent review of the record, deny the Motion to Dismiss.

22  **I.      Factual Background**

23          This case arises from proceedings before District Judge Roll and Magistrate Judge

24  Edmond in CR 09-1411- TUC- JMR (GEE). In that case, Gerardo Benito Ramirez is charged

25  with multiple counts of juvenile delinquency, including the first degree murder of Gabriel

26  Friar. Defendant Gonzalez is a material witness to the murder and was subpoenaed to appear

27  before the grand jury on September 2, 2009, but informed the government that he did not

28  intend to testify in the grand jury because he feared retaliation [CR 09-1411-TUC-

1  JMR(GEE), Doc. No. 65].  The government postponed the grand jury so that Defendant

2  Gonzalez could consult counsel.  During that time, the government also sought and obtained

3  an order of immunity pursuant to 18 U.S.C. § 6001, et seq. [*Id.*].

4      After agents were unable to locate Defendant Gonzalez, on December 1, 2009,

5  Magistrate Judge Edmonds issued a warrant for Defendant's arrest and ordered that he be

6  held without bond pending appearance before the grand jury scheduled for December 18,

7  2009. On December 16, 2009, Defendant Gonzalez was arrested in Tucson and subsequently

8  appeared before the grand jury on December 18, 2009.  After refusing to testify, Magistrate

9  Judge Edmonds informed Defendant Gonzalez that he had been given a grant of immunity

10  and no longer could refuse to testify.  Defendant Gonzalez persisted in his refusal and Judge

11  Edmonds ordered him detained.  On December 24, 2009, the Government filed a Motion for

12  a Material Witness Arrest Warrant for Defendant**.**

13      By Complaint [Doc. No. 1] filed December 23, 2009, and Indictment [Doc. No. 9]

14  returned on January 13, 2010, Defendant was charged with one count of criminal contempt

15  in violation of 18 U.S.C. § 401(3).   The indictment alleges that Defendant disobeyed

16  Magistrate Judge Edmonds' order by refusing to answer questions before the grand jury on

17  December 18, 2009, with respect to the facts and circumstances of the murder of Gabriel

18  Frias.

19      In the present motion, Defendant argues for dismissal of the criminal contempt charge

20  because it is not a crime such that prosecution can be initiated by the United States Attorney

21  rather than the court.  He asserts that permitting the U.S. Attorney to initiate criminal

22  contempt charges by grand jury indictment is a violation of the separation of powers doctrine.

23  Defendant also argues that only an Article III judge has the authority to initiate criminal

24  contempt proceedings and, as these proceedings were initiated by an affidavit submitted to

25  a magistrate judge, the complaint was improperly issued and must be dismissed.

26

27

28

1

**II.     Discussion**

2

**A.      Violation of 18 U.S.C. § 401 is a crime.**

3

The pertinent portion of 18 U.S.C. § 401 provides:

4
5

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as–
>
>             *    *    *

6

> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

7
8

18 U.S.C. § 401(3). Defendant contends that this statute "distinguishes criminal contempt from a criminal offense, which is an offense against the general public," and also "recognizes

9

the court's power and its discretion to initiate and prosecute criminal contempts." *Motion*

10

*to Dismiss*, p. 2. Defendant does recognize that criminal contempt is properly prosecuted by

11

the U.S. Attorney, but contends that these prosecutions differ from the standard prosecution

12

of a criminal offense because in cases of criminal contempt the prosecutor is acting as an

13

agent of the court.    As such, Defendant contends, prosecutions for criminal contempt can

14

only be initiated by the court.

15

Defendant contends that the United States Supreme Court specifically stated that

16

criminal contempt is not a crime in *Green v. United States*, 356 U.S. 165 (1958), *overruled*

17

*in part on other grounds by Bloom v. State of Illinois*, 391 U.S. 194 (1968). In *Green*, the

18

Court addressed whether criminal contempts were required to be tried to a jury. In passing

19

on that question, the Court noted that, "[i]n various respects, such as the absence of the

20

statutory limit of the amount of fine or the length of a prison sentence which may be imposed

21

for their commission, criminal contempts have always differed from the usual statutory crime

22

under federal law." 356 U.S. at 187. While this statement certainly recognizes the unique

23

nature of criminal contempt, the Defendant is reading to much into it by contending that the

24

Supreme Court intended to limit the initiation of criminal contempt proceedings solely to the

25

court. This is clearly borne out in *Bloom,* a subsequent case addressing the right to a jury

26

trial when charged with criminal contempt. There, the Court expressly stated that "[c]riminal

27

contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which

28

3

1 is punishable by fine or imprisonment or both." 391 U.S. at 201. Considering this statement,

2 Defendant's citation to *Green* is largely unhelpful in resolving whether the criminal contempt

3 charges at issue were properly initiated by the U.S. Attorney.

4 Defendant asserts that, in *Young v. United States ex rel. Vuitton et Fils,* 481 U.S. 787

5 (1987), "the Supreme Court laid to rest any doubt that criminal contempt was not a federal

6 crime." *Motion to Dismiss*, p. 4. The issue in *Young* was the propriety of the district court

7 appointing counsel for a party that is the beneficiary of a court order in a civil case from

8 being appointed to undertake contempt prosecutions for alleged violations of that order. In

9 concluding that such an approach to the prosecution of contempt is inappropriate, the Court

10 analyzed the nature of criminal contempt, but contrary to Defendant's assertion, did not

11 conclude that it was not a federal crime. In fact, the Court reiterated what it said in *Bloom*:

12 "we have come to regard criminal contempt as 'a crime in the ordinary sense . . . .'" 481 U.S.

13 at 2133 (*quoting Bloom*, 391 U.S. at 201). Even though it is a crime, however, the Court

14 noted it is different because unlike other federal crimes, it "does not mean that any

15 prosecution of contempt must now be considered an execution of the criminal law in which

16 only the Executive Branch may engage." Thus, the Court did not say that criminal contempt

17 is not a federal crime. To the contrary, it is a federal crime, albeit unique in that a

18 prosecution can be initiated by the court as well as by the executive branch. That both

19 avenues of enforcement are available ensures that the courts can act to vindicate their own

20 authority should the executive branch decline to do so. Nothing in that framework indicates

21 that the court's power is exercised to the exclusion of the power of the executive branch.

22 Ninth Circuit authority also suggests that proceeding by grand jury is an acceptable

23 method for the initiation of criminal contempt proceedings. In *United States v. Doe*, 125

24 F.3d 1249 (9th Cir. 1997), Doe, along with three others, was arrested and charged with two

25 counts of robbery of a postal service letter carrier in violation of 18 U.S.C. § 2114 and two

26 counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). After

27 pleading guilty pursuant to a plea and cooperation agreement, and being offered immunity

28

pursuant to 18 U.S.C. §§ 6001-6003, Doe refused to testify against his co-conspirators and was later charged by information filed by the government with criminal contempt in violation of 18 U.S.C. § 401(3) and Fed.R.Crim.P. 42(b). *Id.* at 1253. On appeal, Doe argued that his due process rights were violated, but did not argue that the prosecutor did not have the power to initiate criminal contempt proceedings. In rejecting Doe's contention that the "least possible power" principle required the prosecutor to first seek civil sanctions, the court found that requirement applied "only in those cases where [the court] is attempting to coerce future behavior." *Id.* at 1255 (*quoting NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1418 (9th Cir. 1994)). The court then at least tacitly condoned the procedure employed by the prosecutor in initiating criminal contempt charges and approvingly quoted that the least possible power principle "'was intended to apply only when a judge initiates criminal contempt proceedings for the purpose of coercing future compliance with a court order, and not when a federal grand jury returns a criminal contempt indictment to punish past violations.'" *Doe*, 125 F.3d at 1255 (*quoting United States v. Armstrong*, 781 F.2d 700 (9th Cir. 1986)).

A review of the *Armstrong* case cited in *Doe* reveals that it, like the instant action, was a criminal contempt prosecution initiated by the government through a federal grand jury. In fact, in *Armstrong*, the court noted:

> Appellants do not challenge the grand jury's power to return an indictment and thereby initiate a prosecution. Indeed, they could not, because under 18 U.S.C. § 401, contempt is a criminal offense.

781 F.2d at 704. Defendant asserts that cases such as *Doe* and *Armstrong* misconstrued the limitations outlined by the Supreme Court in *Green*. However, as discussed above in relation to *Green*, the Court does not agree that the Supreme Court has issued the bright line rule that Defendant advocates. Considering the Supreme Court authority and the Ninth Circuit's at least tacit approval of the procedure employed by the U.S. Attorney in initiating this action, the Court finds that dismissal of this action unwarranted under the law.

5

**B.     A magistrate judge can sign a criminal contempt complaint.**

Defendant argues that even if criminal contempt charges can be initiated by the prosecutor, it was nevertheless improper to initiate the proceeding through a complaint presented to magistrate judge.  However, having determined that the violation of 18 U.S.C. § 401 is a crime that can be charged in the same manner as any other federal crime, there is no reason that it should not be subject to the same procedures as other federal crimes.  Under 28 U.S.C. § 636, magistrates shall have:

> all powers and duties conferred or imposed upon United States
> commissioners by law or by the Rules of Criminal Procedure for
> the United States District Courts;

*     *     *

28 U.S.C. § 636(a)(1).  In turn, Rule 3 of the Federal Rules of Criminal Procedure provides:

> The complaint is a written statement of the essential facts
> constituting the offense charged.  It must be made under oath
> before a magistrate judge or, if none is reasonably available,
> before a state or local judicial officer.

Fed.R.Crim.P. 3.  Taking these provisions together with the determination that criminal contempt is a crime properly initiated by the government, the procedure followed by the U.S. Attorney was not only proper, but mandated by the law.

Defendant contends that this conclusion is contrary to the Ninth Circuit's decision in *NLRB v. A-Plus Roofing, Inc.*, 39 F.3d 1410, 1418 (9th Cir. 1994).  As the government notes, that case says nothing about the propriety of initiating a criminal contempt complaint through a magistrate judge.  What *NLRB* does say is that a magistrate judge does not have jurisdiction without consent to conduct a trial on criminal contempt charges.  *Id.* at 1416-17.  That is not the issue here and the case is otherwise irrelevant to Defendant's claim that the charges against him were improperly initiated.

**III.     Recommendation**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule Civil 72.2(a)(1), Rules of Practice of the United States District Court, District of Arizona, the

1 | Magistrate Judge recommends that the District Court, after an independent review of the

2 | record, **DENY** Defendant Ruben Gonzales' Motion to Dismiss [Docket No. 26].

3 | This Recommendation is not an order that is immediately appealable to the Ninth

4 | Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

5 | Appellate Procedure, should not be filed until entry of the District Court's judgment.

6 | However, the parties shall have ten (10) days from the date of service of a copy of this

7 | recommendation within which to file specific written objections with the District Court. *See*

8 | 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.

9 | Thereafter, the parties have ten (10) days within which to file a response to the objections.

10 | If any objections are filed, this action should be designated case number: **CR 10-107-TUC-**

11 | **FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate

12 | Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.

13 | *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

14 | The Clerk of the Court is directed to mail a copy of this Report and Recommendation

15 | to the respective parties and/or their counsel.

16 | DATED this 28th day of April, 2010.

17 |

18 | Jacqueline Marshall
19 | United States Magistrate Judge

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |