# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| United States, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | No. CR 10-107-TUC-FRZ (JM) |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Ruben Gonzales, | ) ) ) | |
| Defendant. | ) ) | |

Pending before the Court is a Motion to Dismiss - Due Process/Double Jeopardy Violation (Doc. 89) filed on behalf of Defendant Ruben Gonzales.[1] The motion was referred to Magistrate Judge Jacqueline Marshall for hearing and report and recommendation. Defendant's motion was heard by Magistrate Judge Marshall on January 10, 2011. Having considered the motion and the arguments of counsel, the Magistrate Judge submits the following Report and Recommendation, and recommends that the District Judge, after independent review of the record, grant the Motion to Dismiss.

**I.      Factual Background**

This case arises from proceedings before District Judge Roll and Magistrate Judge Edmonds in CR 09-1411-TUC-JMR (GEE). In that case, Gerardo Benito Ramirez is charged with multiple counts of juvenile delinquency, including the first degree murder of Gabriel Friar. Defendant Gonzalez is a material witness to the murder and was subpoenaed to appear before the grand jury on September 2, 2009, but informed the government that he did not

---

[1] Also pending are two additional Motions to Dismiss (Docs. 53 and 90) which will be addressed by separate Report and Recommendation.

1 intend to testify in the grand jury because he feared retaliation. CR 09-1411-TUC-
2 JMR(GEE), Docs. 45 (Warrant) and 65 (Affidavit of Craig Roos). The government
3 postponed the grand jury so that Defendant Gonzalez could consult counsel. On September
4 29, 2009, the government also sought and obtained an order that Gonzalez testify before the
5 grand jury. CR 10-107-TUC-FRZ (JM), Doc. 76-2.

6 After agents were unable to locate Defendant Gonzalez, on December 1, 2009,
7 Magistrate Judge Edmonds issued a material witness arrest warrant for Defendant and
8 ordered that he be held without bond pending appearance before the grand jury scheduled for
9 December 18, 2009. *Id.*, Doc. 45. On December 16, 2009, Defendant Gonzalez was arrested
10 in Tucson and subsequently appeared before the grand jury on December 18, 2009. After
11 refusing to testify, Magistrate Judge Edmonds informed Defendant Gonzalez that he had
12 been given a grant of immunity and no longer could refuse to testify. CR 10-107-TUC-FRZ
13 (JM), Doc. 76-1. Defendant Gonzalez persisted in his refusal and Judge Edmonds ordered
14 him detained. In doing so, Judge Edmonds overruled arguments of Gonzalez's counsel that
15 he could not be detained because he had fulfilled his obligations under the material arrest
16 warrant by appearing before the grand jury and that a District Judge was required to order
17 he be held in contempt for refusing to testify. *Id.*

18 On December 23, 2009, Defendant Gonzalez's counsel appeared before Judge Roll
19 after filing an emergency motion. *Id.*, Doc. 93-5. Counsel again argued that Defendant
20 Gonzalez was being improperly held under the material witness warrant which expired on
21 December 18, 2009. *Id.*, p. 6. Judge Roll determined that because an indictment had been
22 issued by the grand jury in the Ramirez case, Defendant Gonzalez could no longer be held
23 on the material witness warrant and therefore ordered that he be released. *Id.*, pp. 14-17.

24 On December 24, 2009, the Government filed a Motion for a Material Witness Arrest
25 Warrant for Defendant**,** CR 09-1411-TUC-JMR (GEE), Doc. 63, which was denied by
26 Magistrate Judge Velasco by order dated that same day, *id.*, Doc. 64.

27
28


By Complaint (Doc. 1) filed December 23, 2009, and Indictment (Doc. 9) returned on January 13, 2010, the instant matter was initiated and Defendant was charged with one count of criminal contempt in violation of 18 U.S.C. § 401(3). By Superseding Indictment issued on May 5, 2010, a second count was added. Doc. 38. Count One of the Superseding Indictment alleges that Defendant Gonzalez disobeyed Magistrate Judge Edmonds' order by refusing to answer questions before the grand jury on December 18, 2009, with respect to the facts and circumstances of the murder of Gabriel Frias. Count Two alleges that Defendant also violated Judge Bury's September 29, 2009 order to testify. *Id.*

**II.   Discussion**

In *United States v. Doe*, 125 F.3d 1249 (9th Cir. 1997), the Ninth Circuit reiterated the rule that:

> [W]hen a district court summarily holds a defendant in civil contempt for refusing to answer questions at the command of the court, in order also to prosecute criminally, a warning must be given that criminal penalties in addition to the civil contempt measures might be imposed for failing to answer. *See Daschbach v. United States*, 254 F.2d 687, 692 (9th Cir. 1958); *Yates v. United States*, 227 F.2d 848 (9th Cir. 1955).

*Id.* at 1255. Defendant Gonzalez argues that this rule was violated in this case. His argument is that, after refusing to testify before the grand jury on December 18, 2009, he was returned to Magistrate Judge Edmonds courtroom where he was taken into custody for summary contempt. As such, Gonzalez contends he was entitled to, and was not given, a warning that criminal penalties in addition to the civil contempt measures might be imposed. Doc. 89, pp. 2-5.

In response, the government contends that Defendant's position is based on a factual inaccuracy. "A review of the record in this case," the government asserts, "will show that defendant was never subject to coercive civil contempt. Rather, defendant was bing held on a material witness warrant and was then charged by information with criminal contempt." Doc. 99, pp. 1-2.

3

1    A review of the record in this case is not as clearly dispositive as the government
2 contends. Turning first to the December 18, 2009 hearing before Judge Edmonds, the
3 transcript does not expressly reveal the legal basis for the Defendants continued detention.
4 However, at the hearing the government argued that because Defendant Gonzalez had been
5 granted immunity, "there is no basis for him to refuse to testify. And I would ask this court
6 to direct him to testify and if he continues to refuse to do so that he be held in contempt in
7 jail." CR 10-107-TUC-FRZ (JM), Doc. 76-1, p. 3. Later, Judge Edmonds asks Gonzalez's
8 then counsel, Jeffery Bartolino, if he has advised his client of the possible consequences of
9 a refusal to testify, to which he responds:

> That he could be incarcerated. It's my understanding that the could be – it's not a criminal contempt under the statute under [18 U.S.C. §] 401, I believe, but that he could be incarcerated until the body that is investigating this crime – either testifies pursuant to that order or the body that is investigating the crime dissolves. That's my understanding of the possible incarceration.

14 *Id.* at p. 5. The judge then concluded that Gonzalez's stated intention to refuse to answer
15 questions from the grand jury was insufficient to find that he had actually refused and
16 therefore, before proceeding, directed that Gonzalez again be taken before the grand jury and
17 actually refuse to answer questions. The judge then asked government's counsel if he agreed
18 that Defendant's refusal to testify would constitute civil contempt, to which he responded,
19 "I don't know. I've asked my colleague to go research it right now. Hopefully I'll have an
20 answer by the time we come back." *Id.* at pp. 7-8. Judge Edmonds, without describing the
21 potential penalties previously outlined by defense counsel, confirmed with Gonzalez that he
22 understood the possible consequences of refusing to testify. *Id.* at p. 8. The judge then
23 stated, "I think this may have to go up to Judge Bury for him to issue any contempt order or
24 any contempt sanctions," and again reminded Gonzalez that his refusal to testify may result
25 in "some court sanctions . . . ." *Id.* at pp. 10-11.

26    After Defendant Gonzalez was returned to the grand jury and again refused to testify,
27 the parties reconvened before Judge Edmonds. Government counsel informed Judge

1  Edmonds of Gonzalez's continued refusal to testify, reminded her of the signed immunity
2  order, and Judge Edmonds stated, "Then what I will do , I will remand Mr. Gonzales [sic]
3  to the custody of the U.S. Marshal service." *Id*. at 14.  The judge then indicated to
4  government counsel that his options were to "file a motion or . . . convene a grand jury and
5  do whatever you need to do." *Id*. at p. 15.  The court then noted that it was without
6  jurisdiction to enter a civil contempt order, and defense counsel proceeded to argue that his
7  client had complied with the material witness warrant by appearing and requested that the
8  court order the prosecutor to have a Title [sic] 3 judge make some kind of determination
9  today to whether there was an order for which he can be held in contempt and which he
10 would be subject to being incarcerated . . . ." *Id*. at pp. 16-17.  Defense counsel's objections
11 were overruled.  *Id*. at p. 16.

12       The following week Bartolino filed an "emergency motion" which was heard by
13 Judge Roll on December 23, 2009.  CR 10-107-TUC-FRZ (JM), Doc. 93-5 (transcript).
14 Defense counsel argued that Defendant Gonzalez had satisfied the requirements of the
15 material witness warrant, but that the judge "ordered him to be continued to be held on the
16 material witness warrant . . . ." *Id*. at p. 4.  In response, government counsel informed the
17 court that he did not "recall Judge Edmonds saying that [Gonzalez] was being detained under
18 the authority of the material witness arrest warrant," but that, "the best thing I can conclude
19 is that Judge Edmonds, what she meant to do was hold him under summary contempt, and
20 that was the basis for his detention." *Id*. at p. 8.  Counsel then identified 18 U.S.C. § 401 as
21 an available basis for Judge Edmonds' finding of summary contempt and the order of
22 detention. *Id*. at pp. 9-10.  After further argument, Judge Roll indicated that he was "not
23 convinced or satisfied" that Judge Edmonds had held Gonzalez in summary contempt and
24 ordered Gonzalez released.  *Id*. at p. 14.

25       Gonzalez argues that because the government argued before Judge Roll, and to a
26 lesser extent before Judge Edmonds, that after December 18, 2009, the basis for Gonzalez's
27 detention was summary contempt, it should now be estopped from arguing otherwise.
28

5

1  "Judicial estoppel is an equitable doctrine that precludes a party form gaining an advantage
2  by asserting one position, and then later seeking an advantage by taking a clearly inconsistent
3  position." *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 783 (9th Cir. 2001).
4  Judicial estoppel is intended "not only to prevent a party from gaining an advantage by taking
5  inconsistent petitions, but also because of 'general consideration[s] of the orderly
6  administration of justice and regard for the dignity of judicial proceedings,' and to 'protect
7  against a litigant playing fast and loose with the courts.'" *Id.* (quoting *Russell v. Rolfs*, 893
8  F.2d 1033, 1037 (9th Cir. 1990)).

9        The Supreme Court has identified three non-exclusive factors that may be considered
10 when determining whether judicial estoppel is appropriate: (1) whether the party's later
11 position is "clearly inconsistent" with an earlier position; (2) the party's success in
12 persuading a court to accept an earlier inconsistent position and (3) "whether the party
13 seeking to assert an inconsistent position would derive an unfair advantage or impose an
14 unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S.
15 742, 750-51 (2001). These factors are not "inflexible prerequisites or an exhaustive formula
16 for determining the applicability of judicial estoppel. Additional considerations may inform
17 the doctrine's application in specific factual contexts." *Id.* at 751.

18       Applying these factors in the instant case makes for a strong, but not perfect, case for
19 the application of judicial estoppel. The government's position in opposing the instant
20 motion is clearly inconsistent with its position at the hearing before Judge Roll. As set out
21 above, during that hearing government counsel informed the court that he did not recall
22 Judge Edmonds saying that Gonzalez was being detained under the authority of the material
23 witness arrest warrant and indicated that his belief was that she intended to detain him under
24 summary contempt pursuant to 18 U.S.C. § 401. In contrast, in its opposition to the instant
25 motion, the government expressly states the Gonzalez "was being held on a material witness
26 warrant and was then charged by information with criminal contempt." These two arguments
27 cannot be reconciled and are clearly inconsistent.

28

The second factor is not satisfied. The government was not successful in persuading Judge Roll to accept its argument that Defendant Gonzalez was detained on the basis of summary contempt. Judge Roll expressly stated that he was "not convinced or satisfied" that Judge Edmonds detained Gonzalez on the basis of summary contempt.

The third factor is satisfied. If the government is permitted to now argue that Gonzalez was held by Judge Edmonds based on the material witness warrant, Gonzalez would not be entitled to the warnings described in *Doe*, *Daschbach,* and *Yates.* Under the circumstances, allowing the government to change its theory to avoid the obligation to provide the required warnings would be unfair to Gonzalez. Without the warnings, Gonzalez was not aware of the full panoply of potential penalties he faced by refusing to testify. Allowing the government to avoid the requirements of due process by simply recharacterizing its arguments certainly amounts to an unfair detriment supporting the application of judicial estoppel.

Thus, although the government did not persuade Judge Roll to adopt its position that Gonzalez had been held on summary contempt, and because the factors of judicial estoppel are not "inflexible prerequisites," *New Hampshire v. Maine*, 532 U.S. at 751, the Court finds that this case is appropriate for the application of judicial estoppel. Simply put, the government cannot now change its position simply because it would be expedient to do so.

There is an additional reason for concluding that Defendant Gonzalez was not being held on the material witness warrant and was therefore entitled to a warning that he might be subject to criminal contempt charges. As Judge Roll concluded, relying on 18 U.S.C. § 1826, Gonzalez could be held on the material witness warrant only so long as the life of the court proceeding or the term of the grand jury. CR 10-107-TUC-FRZ (JM), Doc. 93-5 (transcript), p. 12. The grand jury for which the warrant was issued returned an indictment against the target defendant on December 18, 2009. At the December 23, 2009 hearing, Judge Roll confirmed with the government that it would not seek a superseding indictment. Accordingly, the court proceeding for which Defendant Gonzalez was being held had

terminated and he could no longer be held to testify. As such, the only remaining basis for Defendant Gonzalez's detention was civil contempt. Since this was the case, he was entitled to the warning warnings described in *Doe*, *Daschbach,* and *Yates.*

**III.    Recommendation**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule Civil 72.2(a)(1), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge recommends that the District Court, after an independent review of the record, **GRANT** Defendant Ruben Gonzales' Motion to Dismiss (Doc. 89).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CR 10-107-TUC-FRZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the respective parties and/or their counsel.

DATED this 21st day of January, 2011.

_____
Jacqueline Marshall
United States Magistrate Judge